NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 10 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD CHARLES ADAMS, | No.  21-16413 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01247-JAT |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Submitted February 8, 2023[**]
Phoenix, Arizona

Before:  GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

Plaintiff Richard Adams appeals the district court's order affirming an

Administrative Law Judge's ("ALJ") denial of Social Security disability benefits.

We have jurisdiction under 28 U.S.C. § 1291. The parties are familiar with the

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

factual and procedural history of this case, so we need not recount it. We review the district court's decision de novo and uphold an ALJ's disability determination "unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (citation and internal quotation marks omitted). We affirm.

## I.      Medical Opinion Evidence

The ALJ did not err in assigning little weight to the treating physician's opinion. To support her determination, she cited inconsistencies between Adams' improvement from treatment, which enabled him to taper his pain medication, and the limitations his physician identified. These inconsistencies are specific and legitimate reasons that "a reasonable mind might accept as adequate to support" the ALJ's conclusion that the physician's opinion was not consistent with and supported by the record. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotation marks omitted).

Nor did the ALJ err in assigning substantial weight to the non-examining state consultants' reports. Adams forfeited his first argument, about the consultants' alleged noncompliance with the requisite regulations, by failing to raise it below. *See Bolker v. Comm'r*, 760 F.2d 1039, 1042 (9th Cir. 1985). He does not explain this omission or contend that an exception applies.

Further, even if we agreed with Adams' second argument, that the ALJ

incorrectly assigned substantial weight to the 2013 and 2014 reports because they predate Adams' disability onset date,[1] any error was harmless. The 2017 reports made in connection to his current claim, to which the ALJ also assigned substantial weight, document nearly the same RFC limitations as the 2013 and 2014 reports. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("[A]n error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error 'does not negate the validity of the ALJ's ultimate conclusion.'" (citation omitted)), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).

Finally, Adams' third argument, that the 2017 reports were based on insufficient records, is unpersuasive because the consultants reviewed 2015 and 2016 records from his primary care provider and treating physician, as well as 2017 consultative examinations. Our caselaw does not support his allegation that the reports were deficient because they did not identify impairments the ALJ later determined to be severe. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041–42 (9th Cir. 2008) (an ALJ is entitled to resolve evidentiary conflicts).

## II.     Subjective Symptom Testimony

The ALJ did not err by citing inconsistencies with the objective medical

---

[1] Such a conclusion is doubtful given the ALJ's duty to consider all relevant medical evidence, 20 C.F.R. § 404.1527(b)–(c), the similarity between his previous application and his instant claim, and his own reliance on medical evidence that predates the disability period, which indicates the older evidence's continued relevance.

evidence to support her determination that Adams' pain was not as disabling as alleged. In addition to referring to objective medical evidence, the ALJ pointed to other clear and convincing reasons—namely, Adams' rehabilitative exercise regimen and his reports of good pain control resulting in the tapering of his medication—to support her adverse credibility determination. *See Smartt v. Kijakazi*, 53 F.4th 489, 498–99 (9th Cir. 2022).

## III.   Excluded Limitations

The ALJ did not err in omitting discussion of specific limitations identified in the treating physician's opinion and Adams' testimony. We do not require an ALJ to discuss every allegation in medical opinion evidence or symptom testimony. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014). Adams cites *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015), to support his assertion that there is a heightened specificity standard for unfavorable RFC determinations, but that case provides only that an ALJ must identify specific inconsistencies to support an adverse credibility determination, and this ALJ did.

**AFFIRMED**.

4